# SCANDINAVIAN AIRLINES SYSTEM DENMARK–NORWAY–SWEDEN, Plaintiff–Appellant,

### v.

# MCDONALD'S CORPORATION, Chicago Aviation Partners, a joint venture of McDonald's Corporation and Duty Free International, Incorporated, Carson International, Incorporated, et al., Defendants–Appellees.

### No. 97–1124.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 28, 1997.

Decided Nov. 20, 1997.

---

Michael R. Blankshain, Elizabeth A. Sanders, Wildman, Harrold, Allen & Dixon, Chicago, IL, James C. Howell, Mark D. Stiles, Keith C. Cuthrell, Jr., Randy Darrell Singer (argued), Willcox & Savage, Norfolk, VA, for Plaintiff–Appellant.

Eric A. Oesterle (argued), Sonnenschein, Nath & Rosenthal, Chicago, IL, Barry B. Gross, Shefsky & Froelich, Chicago, IL, Samuel G. Harrod, IV, Meltzer, Purtill & Stelle, Schaumburg, IL, Douglas C. Gessner, McDonald's Corporation, Oak Brook, IL, for McDonald's Corp. and Chicago Aviation Partners.

Scott M. Hardek, George N. Gilkerson, Rooks, Pitts & Poust, Lisle, IL, for Carson International, Inc. and Duty Free International, Inc.

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

BAUER, Circuit Judge.

Scandinavian Airlines System ("SAS") filed a three count complaint against McDonald's Corporation ("McDonald's"), Chicago Aviation Partners ("CAP") which is a joint venture of McDonald's and Duty Free International, Inc. ("Duty Free"), and Carson International, Inc. ("Carson"), alleging that McDonald's joint venture with Duty Free violated the joint venture agreement between SAS, McDonald's, and Carson, misappropriated a business opportunity to which SAS was entitled, and breached McDonald's fiduciary duty to SAS. These claims arose in connection with an alleged joint venture formed between SAS, McDonald's, and Carson for the purpose of pursuing a contract opportunity with the City of Chicago to develop and operate concessions stands and duty-free shops at the new international terminal of O'Hare International Airport. McDonald's, CAP, and Carson filed motions for summary judgment, and the district court granted summary judgment. SAS now appeals. We affirm.

## Background

In December of 1990, the City of Chicago issued a Request for Proposal ("RFP1"), seeking proposals for the development and operation of concessions stands and duty-free shops at the new international terminal of O'Hare International Airport. SAS, McDonald's, and Carson initiated discussions to form a joint venture for the purpose of pursuing the City contract.

On March 29, 1991, the parties signed a Letter of Intent, indicating their mutual intent to negotiate and form a joint venture to pursue the City contract at the new international terminal. Thereafter, on April 1, 1991, SAS, McDonald's, and Carson submitted their proposal to the City under the name "Creative Forces Partnership." The proposal included a cover letter which indicated that Creative Forces Partnership was a planned joint venture to be owned equally by SAS, McDonald's, and Carson for the purpose of submitting a proposal to the City and pursuing the contract at the new international terminal of O'Hare International Airport. In June of 1991, SAS, McDonald's, and Carson presented their proposal to the City, and in July of 1991, they supplemented their original proposal as requested by the City. Despite their efforts to draft a joint venture agreement, SAS, McDonald's, and Carson did not enter into any final agreement.

On July 2, 1992, the City accepted another proposal which was submitted by Host International ("Host") and began to negotiate a contract with Host. The City notified McDonald's and Carson that it had selected another bid and was in the process of negotiating with Host. Carson notified SAS on July 30, 1992 that the City had not selected the proposal of Creative Forces Partnership.

The City of Chicago, however, terminated its negotiations with Host in November of 1992. As a result of these failed negotiations, the City prepared a new request for proposals, soliciting new submissions for the contract to develop and operate the concessions stands and duty-free shops at the new international terminal. In December of 1992, the City of Chicago issued a Second Request for Proposal ("RFP2"). In January of 1993, McDonald's and Duty Free submitted a proposal pursuant to RFP2 under the name "Chicago Aviation Partners." [1] Thereafter, on February 13, 1993, the City accepted CAP's proposal, and on March 25, 1993, the City and CAP entered into a contract.

Upon learning of McDonald's contract with Duty Free and the City, SAS filed suit in April of 1994, alleging that McDonald's violated its joint venture with SAS and Carson by failing to inform SAS of RFP2 and by entering into a contract with Duty Free to form a joint venture and with the City to develop and operate the concessions stands and duty-free shops at the new international terminal of O'Hare International Airport. In its complaint, SAS claimed that McDonald's and Carson breached the joint venture agreement for failure to advise SAS of RFP2. In addition, SAS asserted that McDonald's and CAP misappropriated a business opportunity, and breached a fiduciary duty owed to SAS.

After discovery was completed, McDonald's, CAP, and Carson moved for summary judgment. The district court granted summary judgment. SAS now appeals.

## Analysis

■ We review a district court's decision to grant summary judgment *de novo*, reviewing all factual inferences in the light most favorable to the nonmoving party to determine whether there exists any genuine issue of material fact. *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 299 (7th Cir.1996).

SAS argues that the Letter of Intent signed by SAS, McDonald's, and Carson demonstrated an intent among the parties to pursue the City contract to develop and operate the concessions stands and duty-free shops at the new international terminal and that the purpose of the Creative Forces Partnership was to submit a proposal in response to the City's request for proposals. SAS argues that the district court erred in its decision to grant summary judgment because there is a disputed issue of intent. SAS contends that the proposed joint venture of Creative Forces Partnership should extend to RFP2 while McDonald's and Carson claim that any obligations they owed to SAS ceased when the City rejected their proposal in June, 1992. SAS argues that the Creative Forces Partnership proposal was not rejected, rather the City accepted another proposal. This distinction is useless; the result is the same.

■ Assuming that SAS, McDonald's, and Carson formed a joint venture by executing the Letter of Intent, the district court's grant of summary judgment is proper. A joint venture without a termination date remains in force until its purpose is accomplished or until that purpose becomes impracticable. *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 687 F.2d 228, 231 (7th Cir.1982); *Maimon v. Telman*, 40 Ill.2d 535, 240 N.E.2d 652, 655 (Ill.1968). Once the City rejected the joint proposal of SAS, McDonald's, and Carson, the purpose of the joint venture became impracticable and all obligations of the parties to each other ceased. The joint venture was terminated because the sole purpose for the formation of the partnership was to pursue the City contract. When this opportunity ceased to exist because the City selected Host's proposal, the joint venture also ceased to exist. Each party satisfied its obligations under the agreement. Once the City rejected the Creative Forces Partner-

---

1. Carson was not a party to any proposal in response to RFP2.

ship proposal, SAS, McDonald's, and Carson were free to pursue other opportunities, including entering into a joint venture with a third party and preparing and submitting a proposal with that third party pursuant to RFP2. Accordingly, McDonald's, CAP, and Carson did not breach the joint venture agreement with SAS. Additionally, McDonald's did not owe SAS any fiduciary duty and did not misappropriate a business opportunity. Because we find that the joint venture between SAS, McDonald's, and Carson ceased to exist when the City rejected the Creative Forces Partnership proposal for RFP1, it is unnecessary for us to address the remaining arguments.

### Conclusion

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.